O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Bank of California, NA, a National Banking Association,<br><br>        Plaintiff,<br><br>    v.<br><br>Andrew G. Gay, an individual,<br><br>        Defendant. | CV 11-2521-RSWL (JCGx)<br><br>**ORDER Re: Plaintiff's Motion for Order Compelling Arbitration [1]** |

    Plaintiff National Bank of California, NA's Motion for Order Compelling Arbitration was set for hearing on May 17, 2011 [1]. Having taken the matter under submission on May 16, 2011 and having reviewed all papers submitted pertaining to this Motion the Court **NOW FINDS AND RULES AS FOLLOWS:**

    The Court **GRANTS** Plaintiff National Bank of California, NA's Motion for an Order Compelling Arbitration.

    As a preliminary matter, the Court **OVERRULES** the

evidentiary objections submitted by Plaintiff National Bank of California, NA ("Plaintiff") in connection with this Motion. The Court **DENIES** Defendant Andrew G. Gay's ("Defendant") Request for Judicial Notice pursuant to Federal Rule of Evidence 201. Fed. R. Evid. 201.

A. <u>Legal Standard</u>

The Federal Arbitration Act ("FAA") governs arbitration agreements in contracts that involve interstate commerce. <u>See</u> 9 U.S.C. § 1. Under the FAA, any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration when the other party "unequivocally refuses to arbitrate." <u>PaineWebber, Inc. v. Faragalli</u>, 61 F.3d 1063, 1066 (3rd Cir. 1995). <u>See</u> 9 U.S.C. § 4.

The FAA sets forth that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon any grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Therefore, in ruling on a motion to compel arbitration, the Court may not review the merits of the dispute, but must limit its inquiry only as to whether: (1) there is an agreement to arbitrate; (2) there are arbitrable claims; and (3) there has been a waiver of the right to arbitrate by the moving party or other defense to arbitration. <u>See</u> <u>Chiron Corp. v. Ortho Diagnostic Sys., Inc.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000).

B. <u>Plaintiff's Motion To Compel Arbitration</u>

Plaintiff brings this current Motion in order to compel the arbitration of claims brought by Defendant against Plaintiff in <u>Andrew Gay, Esq. v. Rumson Capital, LP, et al.</u>, Case No. 101100391, an action that is currently pending in the Court of Common Pleas, Philadelphia County, Commonwealth of Pennsylvania (the "Philadelphia Action").

As a threshold matter, the FAA alone is insufficient to confer federal jurisdiction, as it does not confer federal question jurisdiction under 28 U.S.C. § 1331. <u>Circuit City Stores, Inc. v. Najd</u>, 294 F.3d 1104, 1106 (9th Cir. 2002). As such, "there must be diversity of citizenship or some other independent basis for federal jurisdiction" in order for the Court to have jurisdiction here over this matter. <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 25 n.32 (1983).

The Court finds that diversity jurisdiction exists here. Specifically, Plaintiff sets forth sufficient facts establishing that Plaintiff and Defendant, the only Parties in this Action, are diverse and that the jurisdictional minimum is satisfied here. <u>See</u> 28 U.S.C. § 1332(a). As such, the Court finds that diversity jurisdiction exists here and that the Court therefore has jurisdiction over this Action.

    1.   <u>The Arbitration Agreement Is Valid And Enforceable</u>

Here, the Parties do not dispute the existence of a

written agreement between the Parties, the Promissory Note ("Note") executed by the Parties in August 2008, nor do they dispute that this Note concerns interstate commerce and contains an arbitration agreement. Moreover, the Parties do not dispute that the claims at issue between the Parties in the pending Philadelphia Action fall within the scope of this arbitration agreement and are therefore arbitrable. Instead, Defendant asserts here that the arbitration agreement is unenforceable because it is both procedurally and substantively unconscionable. As such, the only issue before this Court is whether the arbitration agreement is valid and enforceable.

While federal policy favors arbitration agreements, arbitration agreements are subject to generally applicable contract defenses such as fraud, duress, or unconscionability. <u>Ticknor v. Choice Hotels Int'l, Inc.</u>, 265 F.3d 931, 936-37 (9th Cir. 2001). As such, state law governs issues concerning the validity and enforceability of an arbitration agreement. <u>See</u> <u>Gelow v. Central Pacific Mortg. Corp.</u>, 560 F. Supp. 2d 972, 979 (E.D. Cal. 2008)(noting that "[a]n arbitration agreement that falls within the ambit of the FAA is nevertheless unenforceable if it is unconscionable under state law"). Here, the Note contains an express choice of law provision stating that California law is to apply, and the Parties do not dispute the validity of this choice of law provision. [Pl.'s Mot., Ex. 1 at

4

29.] As such, the Court applies California law here in determining the enforceability of this arbitration agreement. See Gelow, 560 F. Supp. 2d at 978.

In California, an arbitration agreement is unconscionable, and therefore unenforceable, when there is "both a procedural and a substantive element of unconscionability." See Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778, 783 (9th Cir. 2002). A party challenging an arbitration agreement on these grounds has the burden to prove both procedural and substantive unconscionability. Crippen v. Cent. Valley RV Outlet, Inc., 124 Cal. App. 4th 1159, 1165 (2004).

## I. Procedural Unconscionability

Procedural unconscionability concerns the manner in which the contract was negotiated and the circumstances of the parties at that time. A & M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 491 (1982). An arbitration agreement is procedurally unconscionable if there was "oppression or surprise" present at the time the parties negotiated the contract. Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1171 (9th Cir. 2003). Oppression is present when there is an inequality of bargaining power between the parties that precludes the weaker party from enjoying a meaningful opportunity to negotiate the terms of the contract. Id. "Surprise involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the ... form [contract] drafted by the party seeking to enforce the

disputed terms." Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519, 1532 (1997).

The Court finds that Defendant has failed to establish that the arbitration agreement is procedurally unconscionable.[1]

First, Defendant has not sufficiently established that oppression was present here. The Court finds that Defendant has failed to demonstrate that there was an inequality of bargaining power between the Parties at the time of contracting, as Defendant is an experienced attorney with familiarity in investments and the financial sector. See Dean Witter Reynolds, Inc. v. Super. Ct., 211 Cal. App. 3d 758, 767-68 (1989)(noting that the buyer's sophistication is relevant in assessing procedural unconscionability). Moreover, Defendant has not established that he lacked a meaningful opportunity to negotiate the terms of the Note and arbitration agreement. Specifically, the Court finds that Defendant was not presented with the Note and arbitration agreement on a "take it or leave

---

[1] Defendant also asserts that the arbitration agreement is procedurally unconscionable because Plaintiff's "couriers" appeared at his office with the agreement for him to sign and waited in the office until the documents were signed in order to coerce and pressure him into signing the Note. In that sense, Defendant essentially argues that the Note was obtained under duress and as a result the arbitration agreement is therefore invalid. However, the Court finds this argument unpersuasive, as Defendant has not set forth evidence establishing that he lacked a reasonable alternative to signing the Note and that he was deprived of the free exercise of his will. See In re Marriage of Gonzalez, 57 Cal. App. 3d 736, 743 (1976).

it" basis, and therefore had a meaningful opportunity to negotiate with Plaintiff. See <u>Szetela v. Discover Bank</u>, 97 Cal. App. 4th 1094, 1100 (2002).

Finally, the Court finds that the element of surprise was not present at the time of contracting. The arbitration agreement is not hidden or difficult to read, as it was contained in a stand-alone, three-page document regarding remedies, is listed in bold, capital letters and clearly sets forth the terms contained therein. See <u>Wayne v. Staples, Inc.</u>, 135 Cal. App. 4th 466, 481 (2006).

Therefore, the Court finds that Defendant has failed to meet his burden to show that the arbitration agreement is procedurally unconscionable.

3. <u>Substantive Unconscionability</u>

"Substantive unconscionability addresses the fairness of the term in dispute." <u>Szetela</u>, 97 Cal. App. 4th at 1100. An arbitration agreement is substantively unconscionable when the terms of the agreement "are so one-sided as to shock the conscience." <u>Kinney v. United Healthcare Servs., Inc.</u>, 70 Cal. App. 4th 1322, 1330 (1999). See also <u>Armendariz v. Found. Health PsychCare Sycs. Inc.</u>, 24 Cal. 4th 83 (2000)(noting that an arbitration agreement is substantively unconscionable when it is unfairly one-sided and lacks a "modicum of bilaterality").

The Court finds that Defendant has failed to show

that the arbitration agreement is substantively unconscionable. Specifically, the Court finds that the terms of the arbitration agreement are sufficiently neutral and bilateral. Contrary to Defendant's arguments here, the arbitration agreement does not mandate that only those claims brought by Defendant must be arbitrated. Instead, the arbitration agreement sets forth that all claims arising from the Note shall be arbitrated, and that either Party can request that the claims be arbitrated.[2] See <u>Ingle v. Circuit City Stores, Inc.</u>, 328 F.3d 1165 (9th Cir. 2003)(finding the arbitration clauses unconscionable when it imposed arbitration on only one party, giving the other the option of taking their claims to court). In addition, the arbitration agreement reserves to both Parties the right to seek equitable and injunctive relief without waiving the right to subsequently invoke arbitration. See <u>Hartung v. J.D. Byrider, Inc.</u>, 2008 WL 4615044 (E.D. Cal. Oct. 17, 2008). As such, the Court finds that the arbitration agreement here is not "so one-sided as to shock the conscience." <u>Kinney</u>, 70 Cal. App. 4th at 1330.

---

[2] The arbitration agreement specifically states that "any disputes, claims or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any property securing this Note, including any claim to rescind reform or otherwise modify any agreement related to the property securing this Note" shall be arbitrated. [Pl.'s Mot. Ex. 1 at 29.]

Therefore, the Court finds that Defendant has failed to meet his burden to establish that the arbitration agreement is substantively unconscionable.

C. Conclusion

For the reasons heretofore stated, the Court finds the that arbitration agreement is valid and enforceable. Therefore, the Court **GRANTS** Plaintiff's Motion for an Order Compelling Arbitration. Such arbitration shall take place as outlined by the arbitration agreement contained in the Promissory Note. The Court retains jurisdiction over the Parties and the subject matter.

**IT IS SO ORDERED.**

Date: June 29, 2011

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge